UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAMJID MAHMUD HOSSAIN

Plaintiff,

v.

MICHAEL C. CIMASY et al.,

Defendants.

_____



25-CV-460-LJV
ORDER

The pro se plaintiff, Tamjid Mahmud Hossain, has filed a complaint alleging that his constitutional rights were violated in connection with his 2023 arrest and subsequent detention and raising claims under 42 U.S.C. § 1983.  Docket Item 1.  He also has moved to proceed in forma pauperis ("IFP")—that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it—and has filed the required affidavit.[1]  Docket Item 4.

Because Hossain meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 4, the Court grants his motion to proceed in forma pauperis.  Therefore, under 28 U.S.C. § 1915(e)(2), the Court screens the complaint.  And for the reasons that follow, some of Hossain's claims are dismissed and the rest will be dismissed unless he files an amended complaint correcting the deficiencies identified below.

---

[1] Hossain initially filed the complaint without paying the required fees or moving to proceed IFP, so this Court administratively terminated the case.  Docket Item 2.  In that order, the Court informed Hossain that if he wished to reopen the case, he was required either to pay the fees or to submit a properly supported IFP motion.  See id. Hossain then timely moved to proceed IFP.  Docket Item 4.

## DISCUSSION

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).

Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (italics omitted) (quoting *Gomez*, 171 F.3d at 795)). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

## I.    SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil

2

rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a pro se complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, although a pro se complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim. *See id.* (concluding that district court properly dismissed pro se complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*). And even pro se pleadings must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Hossain has sued four defendants in connection with his 2023 arrest and detention: Michael C. Cimasy, his assigned counsel in the ensuing criminal proceedings; New York State Supreme Court Justice Deborah A. Haendiges, who presided over the case; Erie County Sheriff John Garcia; and the City of Lackawanna Police Department ("Lackawanna Police Department"). A liberal reading of the complaint tells the following story.

3

On December 4, 2023, Hossain was arrested by members of the Lackawanna Police Department.[2]  Docket Item 1 at 6.[3]  Those officers did not read Hossain his *Miranda* rights when taking him into custody.  *Id.* at 6.  He then was incarcerated for months on end without receiving a court date.  *Id.* at 3.  All told, Hossain remained in custody for almost two years at the Lackawanna City Jail, the Erie County Holding Center, and the Erie County Correctional Facility—that is, from his arrest on December 4, 2023, until he was released on February 13, 2025.  *Id.* at 5-6.[4]

While in jail, Hossain was denied the ability to pray and was not given access to the items he needed for prayer.  *Id.* at 3, 5.  He also did not receive adequate medical care while he was detained.  *Id.* at 3.  As a result of these deprivations, Hossain suffered physical and mental stress.  *Id.*

To make matters worse, Hossain was repeatedly called racist names by Cimasy, Justice Haendiges, and Lackawanna police officers.  *See id.* at 3, 5-6.  Justice Haendiges also made sexist remarks about and to Hossain.  *See id.* at 5.  And Cimasy, Hossain's attorney, did not answer his questions or inform him about his case.  *Id.* at 3, 5-6.

Hossain seeks damages in the amount of $50,000,000.  *Id.* at 3.

---

[2] Hossain does not say why he was arrested or what crime he was accused of committing.

[3] Throughout this order, page numbers in docket citations refer to ECF pagination.

[4] Hossain first says that his constitutional rights were violated at the "Erie County Jail."  *See* Docket Item 1 at 3.  Later in the complaint, Hossain names the Erie County Holding Center and the Erie County Correctional Facility.  *See id.* at 5.  For the sake of construing the complaint as broadly as possible, the Court presumes that Hossain was a pretrial detainee in the Lackawanna City Jail, the Erie County Holding Center, and the Erie County Correctional Facility.

## II.   SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Section 1983 suits may be brought against government officials in both their official and individual capacities. As the Second Circuit has explained, "[i]n an official capacity suit, 'the real party in interest is the governmental entity and not the named official.'" *Tanvir v. Tanzin*, 894 F.3d 449, 459 (2d Cir. 2018) (alteration omitted) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)), *aff'd*, 592 U.S. 43 (2020). "By contrast, individual capacity suits 'seek to impose individual liability upon [ ] government officer[s] for actions under color of law.'" *Id.* (alterations omitted) (quoting *Hafer*, 502 U.S. at 25).

Hossain brings claims against three individual defendants, but he does not specify whether he brings those claims against them in their official or individual capacities. *See* Docket Item 1 at 3, 5-6. Consistent with the Court's duty to read pro se pleadings "liberally," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam), the Court construes Hossain's complaint as raising claims against the individual defendants in both their official and individual capacities.

Section 1983 claims also may be brought against municipalities, and Hossain raises claims against the Lackawanna Police Department. Docket Item 1 at 3, 6. But a

municipality cannot be held liable under section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

### A.    Claims Against a Municipality

As just noted, Hossain named the Lackawanna Police Department as a defendant. Docket Item 1. But the Lackawanna Police Department is not an independent entity that has a legal identity of its own and can be sued; instead, the Lackawanna Police Department is an administrative arm of the City of Lackawanna. *See United States v. Bommer*, 613 F. Supp. 3d 712, 719 (W.D.N.Y. 2020) (citations omitted). And "administrative arms of a municipal corporation[] do not have a legal identity separate and apart from the [municipal corporation]." *Loria v. Town of Irondequoit,* 775 F. Supp. 599, 606 (W.D.N.Y. 1990) (citation omitted); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city[,] and village."). Because the City of Lackawanna Police Department cannot be sued, Hossain's claims against it are dismissed. *See Sanchez-Martin v. Allegany Cnty. Jail*, 2012 WL 360014, at *2 (W.D.N.Y. Feb. 1, 2012); *Loria*, 775 F. Supp. at 606.

Nevertheless, because Hossain is proceeding pro se, the Court interprets the complaint liberally and "construes [it] as being brought against the [municipality itself]"—here, the City of Lackawanna. *See Sanchez-Martin*, 2012 WL 360014, at *2 (citing *Warren v. Westchester Cnty. Jail*, 106 F. Supp. 2d 559, 561 (S.D.N.Y. 2000)). The Clerk of the Court therefore shall amend the caption to remove the Lackawanna Police Department as a party and add the City of Lackawanna as a defendant.

To state a claim against a municipality under section 1983, a plaintiff must plead "three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983)). "[A] municipal policy may be inferred from the informal acts or omissions of supervisory municipal officials," such as "the persistent failure to discipline subordinates who violate [persons'] civil rights." *Id.* (second alteration in original) (second excerpt quoting *Batista*, 702 F.2d at 397). Because Hossain's claims against the individual defendants in their official capacities are really claims against the government entities that employed them, *see Tanvir,* 894 F.3d at 459, they are akin to his claims against the City of Lackawanna.

Hossain broadly alleges that his right to due process, his right to equal protection of the laws, and a number of his other rights were violated during his arrest and subsequent incarceration. *See* Docket Item 1 at 3, 5-6. But he does not suggest that any of his rights were violated—by any defendant—due to an official custom, policy, or practice. *Cf. Zahra*, 48 F.3d at 685. Therefore, Hossain's section 1983 claims against the City of Lackawanna—and against any individual defendants sued in their official capacities—are subject to dismissal.[5]

---

[5] Any official capacity claim against Justice Haendiges is barred because "judges within the New York State Unified Court System are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacity." *Johnston v. Bauer*, 2023 WL 9534631, at *2 (N.D.N.Y. Oct. 12, 2023) (citing *Aron v. Becker*, 48 F. Supp. 3d 347, 366 (N.D.N.Y. 2014)), *report and recommendation adopted*, 2024 WL 456786 (N.D.N.Y. Feb. 6, 2024); *see also Curto v. Siwek*, 2007 WL 9777896, at *3 (W.D.N.Y. Feb. 12, 2007) (explaining that Eleventh Amendment prohibited plaintiff from suing New York State Supreme Court justice for damages in her official capacity), *aff'd*, 322 F. App'x 62 (2d Cir. 2009) (summary order). Moreover, it is difficult to fathom how Cimasy, his

7

In light of Hossain's pro se status, *see generally Cuoco*, 222 F.3d at 112, however, he may amend his complaint to state viable claims against the City of Lackawanna and viable official-capacity claims against any of the individual defendants.[6]  To raise a claim against a municipality or an official-capacity claim against an individual defendant in any amended complaint, Hossain must allege specific facts demonstrating that his constitutional rights were violated based on an official custom or policy.

### B.    Individual Capacity Claims

#### 1.  Cimasy

Hossain alleges that Cimasy, his assigned counsel, provided ineffective assistance when he failed to answer Hossain's questions or keep him informed about his case.  *See* Docket Item 1 at 3, 5-6.  He also alleges that Cimasy made racist comments.  *See id.* at 6.  For the reasons that follow, however, those claims are subject to dismissal.

"The United States Constitution regulates only the [g]overnment, not private parties."  *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)).  As such, "a [section] 1983 claim against a private actor will usually fail because private

---

attorney, has any official capacity.  Nevertheless, and again because of Hossain's pro se status, he may address those issues in any amended complaint.

[6] In any amended complaint, Hossain also may name other municipalities involved in these events, such as Erie County, and may add claims against City of Lackawanna employees in their individual capacities.  Claims against municipal employees in their individual capacities are not subject to *Monell* and therefore need not have been the result of a municipality's official policy or custom.  *See Tanvir*, 894 F.3d at 459.

actors do not act under the color of state law, no matter how 'discriminatory or wrongful' their conduct may be." *Alicea v. Yang*, 2023 WL 5994211, at *1 (2d Cir. Sep. 15, 2023) (summary order) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). But a private party's actions can be attributed to the state when "(1) the private party acts using the coercive power of the state or is controlled by the state . . . ; (2) the private party willfully participates in joint activity with the state, or its functions are entwined with state policies . . . ; or (3) the state has delegated a public function to the private party." *Washington v. NYC DHS*, 2025 WL 26074, at *3 (S.D.N.Y. Jan. 2, 2025) (citing *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

Criminal defense attorneys—be they public defenders, court-appointed lawyers, or privately retained counsel—do not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (noting that "court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant do not act under 'color of state law'" (citations omitted)). There are only a few, narrow exceptions to this rule, such as when "a public defender . . . mak[es] hiring and firing decisions on behalf of the State[ ]" or when "a public defender . . . perform[s] certain administrative and possibly investigative functions." *Polk County*, 454 U.S. at 325 (citing *Branti v. Finkel*, 445 U.S. 507 (1980)).

Hossain has not pleaded that Cimasy—a private party—was acting under color of state law. *See Whalen*, 126 F.3d 405. Although Cimasy was appointed by the court to represent Hossain, that does not mean Cimasy was controlled by the state, jointly acting with the state, or delegated a public function by the state. *See O'Donoghue v.*

9

*U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (summary order) ("Private attorneys are generally not 'state actors' for purposes of [section] 1983."); *Rodriguez*, 116 F.3d at 65-66 ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under [section] 1983." (citations omitted)). And Hossain does not allege that that Cimasy failed to perform specific administrative or investigatory functions outside his "traditional [adversarial] functions as counsel to a defendant in a criminal proceeding." *See Polk County*, 454 U.S. at 325.

Hossain's claims against Cimasy therefore are subject to dismissal. In light of Hossain's pro se status, *see generally Cuoco*, 222 F.3d at 112, however, he may amend the complaint to plead facts demonstrating that Cimasy somehow was acting under color of state law. Moreover, in any amended complaint, Hossain must also adequately plead violations of his right to equal protection,[7] to counsel, or to anything else that he claims Cimasy denied him.

## 2. Garcia

Hossain alleges that his right to exercise his religion was violated when he was detained at the Erie County Holding Center and Erie County Correctional Facility. More

---

[7] "[T]o state a colorable claim under the Fourteenth Amendment's equal protection clause, a plaintiff must allege that: '(1) ... compared with others similarly situated, [plaintiff] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Cato v. Zweller*, 2023 WL 8653857, at *4 (W.D.N.Y. Dec. 14, 2023) (quoting *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992)). "'[V]erbal harassment or profanity alone, "unaccompanied by any injury[,] no matter how inappropriate, unprofessional, or reprehensible it might seem," does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983.'" *Id.* (quoting *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460,

specifically, he alleges that Garcia, the Erie County Sheriff, did not properly oversee employees at the two facilities who denied him the ability to pray and what he needed for prayer. *See* Docket Item 1 at 3, 5. He also alleges that he did not receive adequate medical care while at Erie County Holding Center and the Erie County Correctional Facility.[8] *See id.* at 3. Construing the complaint liberally, the Court deems Hossain to raise claims against Garcia related to the free exercise of religion under the First Amendment and for inadequate medical care under the Fourteenth Amendment's Due Process Clause. Nevertheless, those claims are subject to dismissal.

To establish liability against a government official under section 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft*, 556 U.S. at 676). It is not enough to assert that the defendant is a "link[ ] in the . . . chain of command." *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of respondeat superior is not

---

474 (S.D.N.Y. 1998)). While repeated usage of racist names could "constitute an equal protection violation," it must be ongoing, continuous, and severe. *See Stone v. Eamer*, 2018 WL 557872, at *7 (N.D.N.Y. Jan. 19, 2018) (collecting cases).

As currently pleaded, Hossain alleges that Cimasy made racist comments toward him, but he does not allege that Cimasy caused him any additional injury. *See id.* Furthermore, Hossain does not allege that Cimasy used racist language repeatedly or continuously. *See id.*

[8] Hossain also may seek to allege inadequate medical care at the Lackawanna City Jail. But because the Lackawanna City Jail is not overseen by the Erie County Sheriff, Garcia is not responsible for medical care provided at the Lackawanna City Jail. If Hossain intends to raise such a claim involving the Lackawanna City Jail, he must either name an individual defendant—as John or Jane Doe if he does not know names—or allege that he was injured as a result of a custom, policy, or practice of the City of Lackawanna.

11

available in a section 1983 action.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  Instead, "[t]he violation must be established against the supervisory official directly."  *Tangreti*, 983 F.3d at 618.

In other words, a plaintiff must allege the personal involvement of each individual defendant—including supervisors—in the constitutional violation.  *McKenna*, 386 F.3d at 437.  On the other hand, a supervisor might have been personally involved in an alleged constitutional violation in one of several ways, including

> (1) directly participat[ing] in the violation; (2) fail[ing] to remedy the violation after learning of it through a report or appeal; (3) creat[ing] a custom or policy fostering the violation or allow[ing] the custom or policy to continue after learning of it; or (4) [being] grossly negligent in supervising subordinates who caused the violation.

*Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Hossain has not suggested how Garcia was personally involved in violating his constitutional rights.  *See id.*  For example, he does not state that Garcia created the "custom or policy fostering the violation[s] or [that Garcia] allowed the custom or policy to continue" after he knew about it.  *See id.*  And while the complaint does allege that Garcia failed to supervise his subordinates at the Erie County Holding Center and the Erie County Correctional Facility, Hossain has not stated specific facts that would demonstrate that Garcia was "grossly negligent" in doing so.  *See id.*

Hossain does say that he "wrote many grievance[s], having to do with [his] rights of religion and they did not respond or made [j]est of it."  Docket Item 1 at 5.  Broadly construing the complaint, the Court reads "they" to include Garcia.  But "[t]he fact that a prisoner sent a letter or written request to a supervisory official does not establish the

12

requisite personal involvement of the supervisory official." *Young v. Choinski*, 15 F. Supp. 3d 172, 189 (D. Conn. 2014) (citing *Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009)).  In fact, a supervisory official's actual receipt of a prisoner's letter does not establish his or her personal involvement if the official "pass[ed] it on to a subordinate for response or investigation." *Rivera*, 655 F. Supp. 2d at 238.  In order to demonstrate that a supervisory official was directly involved, the official must have "personally look[ed] into the matters raised in the letter." *Id.*

Hossain does not allege that Garcia personally looked into any of the submitted grievances or letters.  Therefore, even if Hossain notified Garcia about a violation of his right to the free exercise of religion, that alone would still be insufficient to demonstrate Garcia's direct involvement. *See id.*; *Young*, 15 F. Supp. 3d at 189.  And the same is true for Hossain's claim that he received inadequate medical care.[9] *See Sealey*, 116 F.3d at 51.

Hossain's claims against Garcia in his individual capacity therefore are subject to dismissal.  But again in light of his pro se status, *see generally Cuoco*, 222 F.3d at 112, Hossain may amend the complaint to include specific facts showing that Garcia: (1) directly participated in the violations; (2) learned of the violations and failed to remedy them; (3) created a custom or policy that fostered the violations or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising the employees who caused the violations. *See Sealey*, 116 F.3d at 51.  And if Hossain wants to allege that Garcia learned of the violations and failed to remedy them, he must

---

[9] Hossain also does not allege specific facts explaining how any medical care he received was inadequate.  He should do so in any amended complaint.

plead facts demonstrating that Garcia actually received his letter and "personally look[ed] into the" violations alleged "in the letter." *See Rivera*, 655 F. Supp. 2d at 238.

### 3. Justice Haendiges

Hossain alleges that while presiding over his case, Justice Haendiges made racist and sexist comments to and about him. Docket Item 1 at 3, 5. But any such claims against Justice Haendiges are barred by judicial immunity.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). But judicial immunity is not simply immunity from damages; it is immunity from suit altogether. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam), *superseded by statute*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847. This is to ensure "that a judicial officer, in exercising the authority vested in [that officer], shall be free to act upon [the judge's] own convictions, without apprehension of personal consequences." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Judicial immunity therefore does not give way even to allegations of bad faith or malice. *Mireles*, 502 U.S. at 11.

Judicial "immunity is overcome in only two sets of circumstances." *Id.* "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* (italics omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.

In determining whether a judge's actions are "judicial," the Second Circuit has taken a "functional approach." *Bliven*, 579 F.3d at 209. The relevant factors include the

14

nature of the judge's action, whether the action is ordinarily performed by a judge, whether the parties expect the judge to take such action, and whether the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210.

Hossain alleges that Justice Haendiges made racist and sexist comments in court during the proceedings following his arrest. Docket Item 1 at 3, 5. But a judge's statements during an official proceeding over which the judge is presiding undoubtedly is conduct that is clearly judicial in nature. *See Bliven*, 579 F.3d at 210. And no matter how offensive a judge's comments may be, judicial immunity still protects the judge from suit. *See Buhannic v. Friedman*, 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) ("Plaintiff's allegations concerning [the judge]'s purported bias against [p]laintiff and [the judge's] alleged collusion with defense counsel[ ] is conduct which courts routinely hold cannot defeat judicial immunity."); *Amato v. McGinty*, 2017 WL 4083575, at *3 (N.D.N.Y. Sep. 15, 2017) (holding that "any action [the judge] committed with malice . . . was still performed within the judicial functions of a family court judge presiding over a custody dispute," so the judge "would still be entitled to judicial immunity").

Justice Haendiges therefore is absolutely immune from Hossain's individual capacity claims against her. *See Mireles*, 502 U.S. at 11-12; *Paulk v. Kearns*, 596 F. Supp. 3d 491, 496-97 (W.D.N.Y. 2022) (finding that a state court justice was absolutely immune from individual-capacity claims). And because better pleading would not cure

those defects, *see Cuoco*, 222 F.3d at 112, Hossain's claims against Justice Haendiges in her individual capacity are dismissed without leave to amend.

### III.    STATE LAW CLAIMS

Hossain says that he experienced physical and mental stress as a result of incarceration.  Docket Item 1 at 3.  The Court liberally reads those allegations as raising state law claims for negligent and intentional infliction of emotional distress against the City of Lackawanna and Garcia.[10]  But for the reasons that follow, those claims also are subject to dismissal.

Generally, federal courts have jurisdiction only in (1) cases between "citizens of different [s]tates[,]" or between citizens of a state and those of a foreign state, where the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("diversity jurisdiction"); and (2) cases "arising under" federal law ("federal question jurisdiction"), *see id.* § 1331. But a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims . . . within [the court's] original jurisdiction that they form part of the same case or controversy[.]" *Id.* § 1367(a).  Conversely, a federal court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which it had

---

[10] Because Hossain alleges that the emotional distress resulted from his incarceration, the Court broadly construes the complaint to allege that these claims took place at the three facilities where Hossain says he was detained: the Erie County Holding Center, the Erie County Correctional Facility, and the Lackawanna City Jail. Thus, the Court interprets the complaint as raising those claims against (1) Garcia because he manages the Erie County Holding Center and the Erie County Correctional Facility as the Erie County Sheriff; and (2) the City of Lackawanna because the Lackawanna City Jail is an administrative arm of the City of Lackawanna, *see supra* Section II.A.

original jurisdiction have been dismissed. *Id.* § 1367(c)(3); *see Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

Hossain has not pleaded facts establishing diversity of citizenship; in fact, he and all defendants live in New York State or are by their very nature New York defendants. *See* Docket Item 1; *see also* 28 U.S.C. § 1332. Moreover, the Court does not have federal question jurisdiction over Hossain's claims for intentional infliction of emotional distress and negligent infliction of emotional distress, which as just noted arise under state law. And there currently is no basis for supplemental jurisdiction because Hossain's federal claims in this action have either been dismissed or are subject to dismissal. *See* 28 U.S.C. § 1367(c). For all those reasons, Hossain's state law claims against the City of Lackawanna and Garcia will be dismissed unless he cures the deficiencies in his federal claims addressed above.

## CONCLUSION

Because Hossain meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants his request to proceed in forma pauperis. But his claims against Justice Haendiges in her individual capacity are dismissed under 28 U.S.C. § 1915(e)(2). And his claims against the City of Lackawanna, all individual defendants in their official capacities, Cimasy, and Garcia will be dismissed under 28 U.S.C. § 1915(e)(2) unless he files an amended complaint **within 45 days of the date of this order** that corrects the deficiencies noted above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Hossain is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no

legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Hossain's motion to proceed in forma pauperis, Docket Item 4, is GRANTED; and it is further

ORDERED that the City of Lackawanna is substituted as a defendant in place of the City of Lackawanna Police Department; and it is further

ORDERED that Hossain's claims against Justice Haendiges in her individual capacity are dismissed; and it is further

ORDERED that Hossain may amend his remaining claims as directed above **within 45 days of the date of this order;** and it is further

ORDERED that the Clerk of Court shall send to Hossain with this order a copy of the original complaint, a blank section 1983 complaint form, and the instructions for preparing an amended complaint;[11] and it is further

---

[11] Hossain is advised that he may be eligible for help in amending his complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

ORDERED that if Hossain does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, all of his claims will be dismissed without further order and the Clerk of Court shall close the case; and it is further

ORDERED that if the complaint is dismissed because Hossain files to file an amended complaint, this Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Hossain must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Hossain shall notify the Court in writing if his address changes. The Court may dismiss the action if Hossain fails to do so.

SO ORDERED.

Dated:      July 17, 2026
            Buffalo, New York

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

19